UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AFS TECHNOLOGIES, INC., <br><br>            Plaintiff, <br> v. <br><br> ROBERT HARRISON and <br> HENRY VANDER WAAL, <br><br>            Defendants. | 3:14-cv-00134 (CSH) |

**MEMORANDUM AND ORDER**

**HAIGHT, Senior District Judge:**

On January 31, 2014, Plaintiff ASF Technologies, Inc. ("ASF") filed a Complaint in this Court [Doc. 1] against Defendants Robert Harrison and Henry Vander Waal.  ASF accompanied its Complaint with a Motion for a Preliminary Injunction [Doc. 2], a Memorandum of Law in Support of the Motion for a Preliminary Injunction [Doc. 2-1], a proposed Order to Show Cause [Doc. 4] seeking to schedule an evidentiary hearing, and a Motion for Expedited Discovery [Doc. 3] which if granted would require the specified discovery "to be conducted before the hearing on a Preliminary Injunction."  Doc. 3 at 1.

For the reasons that follow, the Court declines at this time to sign either the Order to Show Cause [Doc. 4] or the Order for Expedited Discovery [Doc. 3].

The factual summary set forth in this Memorandum is based upon the allegations in Plaintiff's Complaint against Defendants filed in this Court on January 31, 2014, and the allegations in Defendants' Complaint against Plaintiff filed in the United States District Court for the Western

1

District of Michigan, Southern Division on January 27, 2014, four days earlier (Docket No. 1:14-cv-94). I will refer to this first-filed case as "the Michigan Action," and to the captioned case as "the Connecticut Action." In the Michigan action, Vander Waal and Harrison pray for declaratory relief against AFS pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

The Complaint of Harrison and Vander Waal in the first-filed Michigan Action against AFS alleges, as the Declaratory Judgement Act requires, that the Complaint is "based upon an actual controversy between the parties" and is brought "to declare the rights and obligations of the Plaintiffs [Harrison and Vander Waal]." Michigan Action Complaint, at ¶ 5. Specifically, ¶ 20 of the Michigan Action Complaint alleges that "counsel for [AFS] sent correspondence to counsel for Vander Waal indicating that [AFS] was going to pursue litigation against both Vander Waal and Harrison for ongoing breach of contract, breach of settlement agreement, tortious interference with contract, theft of trade secrets, and other unfair competition." In their Michigan Action Complaint, Vander Waal and Harrison seek judicial declarations that they are free from any liability to AFS in respect of any of those threatened claims. Examination of AFS's second-filed Connecticut Action Complaint reveals that AFS is suing Vander Waal and Harrison on the same claims that Vander Waal and Harrison seek to preclude in their Michigan Action for declaratory relief.

The allegations in these complaints and the exhibits to them show that AFS is a Delaware corporation with its principal place of business in Phoenix, Arizona. AFS provides computer software solutions for companies in the food and beverage industries. Vander Waal and Harrison are former employees of AFS. Vander Waal "involuntarily terminated his employment" with AFS on June 20, 2009. Michigan Action Complaint at ¶ 13. Thereafter Vander Waal, a resident of Grand

Rapids, Michigan and a citizen of that State, set himself up in business in direct competition with AFS. AFS sued Vander Waal in the Western District of Michigan on various claims of wrongful activities (Civil Action No. 1:11-cv-67). AFS and Vander Waal disposed of that action by entering into a settlement agreement effective November 1, 2011, pursuant to which AFS granted Vander Waal a license to service certain AFS-owned software programs in the hands of certain end users, in exchange for payment by Vander Waal to AFS of 25% of the payments such users would make to Vander Waal. This is the "settlement agreement" which AFS now contends in the Connecticut Action Vander Waal has breached.

Harrison worked for AFS as a head programmer. Vander Waal reported to Harrison when both were employed at AFS. On November 20, 2013, Harrison informed AFS that he was resigning from that company, effective December 6, 2013. Harrison has now joined Vander Waal in the latter's business, and is assisting Vander Waal in direct competition with AFS. Harrison is a citizen of Connecticut.

AFS's Connecticut Action Complaint against Harrison and Vander Waal focuses initially upon Harrison, who is alleged in a number of counts to have violated restrictions of provisions in Harrison's employment contract with AFS that restricted his post-employment activities. Harrison's recent affiliation with Vander Waal is alleged by AFS to violate those restrictions. The AFS Connecticut Action names Vander Waal as a defendant on the ground that Vander Waal knew of the restrictions in Harrison's contract with AFS, retained Harrison's services in violation of those restrictions, and "is seeking to use Harrison's knowledge and relationships to infringe upon AFS's copyrights and misappropriate AFS's trade secrets." Connecticut Action Complaint, Count Seven

at ¶¶ 66-69.  Harrison, as a party Plaintiff in the Michigan Action, seeks a declaration that "any and all obligations between Harrison and [AFS] remain inviolate and [are] being observed by Harrison."  Michigan Action Complaint at ¶ 51.

It follows that the Michigan Action and the Connecticut Action present identical claims between identical parties.  Subject matter jurisdiction exists in both actions, because full diversity of citizenship exists between AFS on one side of the case and Harrison and Vander Waal on the other, and the jurisdictional amount is pleaded.  I will assume without deciding that in the Connecticut Action, this Court has personal jurisdiction over Vander Waal as well as over Harrison.  No question arises with respect to personal jurisdiction in the Michigan Action, since both Harrison and Vander Waal invoke the jurisdiction of that District by filing a declaratory judgment complaint there, and AFS's presence in the Western District of Michigan is established by its earlier related litigation against Vander Waal.

Federal district courts disfavor full discovery and plenary trials on the merits in two districts where, as here, the disputes and the parties are the same in each district.  The resultant waste of judicial and private resources is manifest.  District judges, in exercising their inherent power to manage their calendars in the interest of justice, have at their disposal a number of ways to prevent that waste.  The first-filed rule, which the Second Circuit recognizes and enforces in appropriate circumstances, is one of them.  Transfer of venue "[f]or the convenience of parties and witnesses, in the interest of justice" under 28 U.S.C. § 1404(a) is another.  A district judge can make a transfer order under that statute *sua sponte*.  In *Jones v. Trump*, 919 F.Supp. 583 (D.Conn. 1996), Judge Dorsey of this Court noted: "Under 28 U.S.C. 1404(a), improper venue is not a prerequisite to

transfer.... Nor is a motion for transfer required." *Id*. at 588 and 588 n. 3.

The sole purpose of this Memorandum is to raise these questions, not to answer them. However, I think it plain that this case cannot be allowed to proceed through expedited discovery, preliminary injunction practice, and plenary trial on the merits in both the Western District of Michigan and the District of Connecticut. I have the presumption to suggest that my judicial colleague in Michigan may have the same view. In any event, I decline to enter orders in this District for expedited discovery and evidentiary merits hearings until this threshold question of where the litigation will take place is addressed by counsel and this Court.

In order to address that question, the Court will conduct a telephone conference with counsel. The identity of the attorneys involved appears from the files in the two actions. The demand letter on behalf of AFS to Vander Waal and Harrison was sent by the Ogletree, Deakins, Nash, Smoak & Stewart, PLLC firm's Birmingham, Michigan office. The Kane & Co., PLC firm of Grand Rapids, Michigan represents both Vander Waal and Harrison in the Michigan Action. Counsel for AFS in the Connecticut Action is the Stamford, Connecticut office of the Ogletree, Deakins, Nash, Smoak & Stewart, PLLC firm. Those attorneys with full authority from their respective clients will participate in the conference.

Counsel should confer among themselves and then advise my Chambers of three dates and hours during the weeks of February 17 or February 24 when they would all be available for the conference. Counsel should telephone Chambers at (203) 773-2052 and speak to Lori Dorais, Esq. or Alison Hornstein, Esq. The Court will advise counsel of which date is selected. If counsel have difficulty in agreeing on the dates acceptable to them, the Court will designate the date and hour.

At the conference, counsel must be prepared to discuss the questions raised by this Memorandum, as well as any other related questions or issues.

It is SO ORDERED.

Dated: New Haven, Connecticut
February 4, 2014

*/s/ Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge